Berkey v. The City of Elkhart.

------◆------

No. 17,407.

BERKEY v. THE CITY OF ELKHART.

HARMLESS ERROR.—*Sustaining Demurrer to Paragraph of Answer.—Action Originating in Mayor's Court.—Constitutionality of City Ordinance.*—In an action in the circuit, on appeal from the mayor's court, to recover a penalty provided by ordinance, the action of the court in sustaining a demurrer to a paragraph of answer alleging that the ordinance is unconstitutional, if error, was harmless, as the validity of the ordinance could have been raised without plea, and an assignment of error based on such ruling presents no question.

Berkey *v.* The City of Elkhart.

MAYOR'S COURT.—*Appeals to Circuit Court.*—*Pleading and Practice.*— The rules of pleading and practice of the mayor's court are observed on appeals therefrom to the circuit court.

APPELLATE COURT.—*Jurisdiction.*—*Constitutional Question.*—*Sufficiency of Complaint.*—No constitutional question having been properly presented, and the only other objection being against the complaint, which does not go to the validity of the ordinance, the jurisdiction of the cause on appeal is in the Appellate Court.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*P. L. Turner,* for appellee.

HACKNEY, J.—This action originated in the city court of the appellee, and by it the appellee sought to recover a penalty, provided by ordinance, for permitting persons, on Sunday, to enter, congregate or remain in any place where intoxicating liquors are sold, on secular days, to be used on the premises where sold. The circuit court, on appeal, overruled the appellant's demurrer to the complaint, which ruling is here assigned as error.

Thereupon the appellant answered, first, in general denial, and, second, setting up the provisions of the ordinance charged to have been violated, and alleging the invalidity of such provisions as having been ordained without authority of law and as in violation of the appellant's natural rights, guaranteed by the Constitution of Indiana.

To this affirmative answer the lower court sustained the appellee's demurrer, and thereafter the appellant withdrew said answer in general denial, declined to plead further, and, upon a trial, it was adjudged that the appellee should recover $10 and costs.

The second assignment of error is upon said ruling upon demurrer to the affirmative answer.

The objections urged against the complaint do not go to the validity of the ordinance, but to the sufficiency of

the allegations under the ordinance. The first assignment of error, therefore, presents a question within the jurisdiction of the Appellate Court, Acts 1893, p. 29, section 1.

The validity of the ordinance, if "duly presented," would present an inquiry within the jurisdiction of this court (see Acts, *supra*) and would probably carry the whole case within the latter jurisdiction.

Is the validity of the ordinance duly presented? We think it is not.

By section 1528, R. S. 1894, section 1460, R. S. 1881, "All matters of defense, except the statute of limitations, set-off, and matter in abatement, may be given in evidence without plea."

By section 3497, R. S. 1894, section 3062, R. S. 1881, it is provided that "The same rules of pleading and practice shall be observed in the city judge's or mayor's court that are in a justice's court."

In the circuit court, in causes originating before a mayor, the rules of pleading and practice of the mayor's court are observed on appeal. *Wabash, etc., R. W. Co.* v. *Lash*, 103 Ind. 80; *Smith* v. *Pinnell*, 40 N. E. Rep. 798.

It is manifest therefore that, in the circuit court, the validity of the ordinance could have been raised without plea.

The ruling of the court, in sustaining the appellee's demurrer to the second paragraph of answer, in view of the admissibility, without plea, of the defense pleaded, if a valid defense, was harmless. So far as the record discloses, the question of the validity of the ordinance was not made except by the answer.

The cases of *City of Frankfort* v. *Aughe*, 114 Ind. 77, and *City of Elkhart* v. *Calvert*, 126 Ind. 6, hold that inasmuch as the city is relieved from pleading the ordinance, except by reciting the number of the section, the

validity of the ordinance may be questioned in defense. This holding, we have no doubt, was not intended to require such invalidity to be specially pleaded and thereby overturn the statutory rules of pleading to which we have referred.

The cause is, for the reasons stated, transferred to the Appellate Court.

