No. 1,767.

## KELLEY v. CITY OF CRAWFORDSVILLE.

HARMLESS ERROR.—*Sustaining Demurrer to Paragraph of Answer.* —Error in sustaining a demurrer to a paragraph of an answer is harmless, if all the matters available under such paragraph might have been given in evidence without plea.

COURTS.—*Decision of Supreme Court Binding on Appellate Court.*— An adjudication by the Supreme Court is binding on the appellate court, under section 1362, R. S. 1894, providing that the latter court shall be governed in all things by the law as declared by the Supreme Court.

From the Montgomery Circuit Court.

*Wright & Seller*, for appellant.

*Thomas & Whittington*, for appellee.

GAVIN, J.—Appellant's argument relates solely to the error of the trial court in sustaining a demurrer to one paragraph of its answer by which it sought to test the validity of the city ordinance upon which the prosecution was based.

In its opinion transferring the case to this court, 40 N. E. Rep. 1082, and in the decision upon which that opinion is founded, *Berkey* v. *City of Elkhart*, 141 Ind. 408, the supreme court expressly adjudged that the question presented by counsel was not properly raised by the answer, because all matters available under this answer might have been given in evidence without any plea and any error, in sustaining the demurrer was harmless.

The judgment is therefore affirmed.

Filed September 20, 1895.

ON PETITION FOR REHEARING.

GAVIN, C. J.—In this case the supreme court has expressly adjudicated that the question sought to be raised by appellant was not duly presented and that the jurisdiction of the appeal was in this court. By this adjudication we are necessarily bound. By the statute creating this court it is provided that: "The appellate court shall be governed in all things by the law as declared by the supreme court of this State." R. S. 1894, section 1362. While ours is a court of last resort from which no appeal lies to the supreme court, yet it is our bounden duty to declare the law in harmony with its decisions.

The causes for rehearing now urged upon us might possibly have been applicable if presented to the supreme court to induce a revocation of the order of transfer, but they are not tenable in this court.

Petition overruled.

Filed December 17, 1895.