BOARD OF COMMISSIONERS OF ELKHART COUNTY
*v.* MURRAY ET AL.

[No. 26,577.  Filed May 20, 1936.]

*Orrin H. Markel,* for appellant.

*Davis & Schaefer,* for appellees.

HUGHES, J.—The appellees filed a complaint against the appellant in two paragraphs. In the first paragraph it is alleged that they were the owners of certain land, along the east side of which there was a public highway; that sometime prior to 1929, certain proceedings were begun before the board of commissioners to improve said highway under the Act of 1919, being chapter 112, p. 531; that the appellant, during the year 1929, and pursuant to said Act, proceeded to improve said highway by constructing a concrete roadway and in doing so widened said road to a width of fifty feet, heretofore being forty feet in width; that in widening said road bed, real estate belonging to appellees was taken by the appellant of the value of $50.00; that the appellant destroyed and took away the fence belonging to appellees along said highway of the value of $75.00; that all of said acts were done without the consent or direction of the appellees.

In the second paragraph of complaint it is alleged that in the year 1912 a public drain was established near the real estate of appellees and that the real estate of appellees was assessed for benefits; that ever since the ditch has been opened and maintained as a public drain; that said ditch or drain is located about 40 rods east of the real estate and on the opposite side of said highway from appellee's real estate; that a culvert had been maintained for many years to carry off the water and that it did so successfully until 1929 when the new

road was constructed; that in the construction of said new road said culvert was destroyed and no water has been able to pass through said culvert and by reason thereof water has backed up on and over the lands of the appellees to their damage in the sum of $500.00.

A trial by jury was had and a verdict of $475.00 was rendered in favor of appellees. A motion for a new trial was filed and overruled. The reasons assigned for a new trial are: (1) The damages are excessive; (2) the verdict is contrary to law.

The assignment of errors is as follows:

(1) The court erred in overruling appellant's motion to dismiss the action.

(2) The court erred in overruling appellant's motion for a new trial.

(3) The court did not have jurisdiction of the subject-matter of the action.

It appears from each paragraph of the complaint that the damage claimed done to the appellees grew out of the construction of a road by the appellant under Chapter 112, p. 531, of the Acts of 1919. We must presume that the board of county commissioners followed the law in the construction of said road. Section 10 of the Act specifically provides the methods and steps necessary to be taken by one who is aggrieved or damaged by the construction of a road under said Act. Section 10 is as follows:

"The report and profile which the board shall make and adopt shall remain in the office of such auditor, open to the inspection of every person interested therein and of his attorneys for at least ten (10) days, and during such time the board shall assess such damages as shall be justly due to any infant, idiot or person of unsound mind, and to any other person or corporation making written claim therefor, on account of the appropriation of or injury to his property by the laying out of any such new highway or any improvement of any highway

prescribed in such report. At the expiration of said ten (10) days said board shall make a supplemental report in writing, setting forth the sums allowed as damages to each infant, idiot or person of unsound mind, and the sum allowed as damages to each other person or corporation making written claim therefor as herein prescribed, together with a description of the property in each case on account of which such damages have been allowed. No damages shall be allowed to or recovered by any person other than an infant, idiot or person of unsound mind, unless written claim therefor shall have been made by him to the board before the filing of such supplemental report. Every person or corporation who has made such written claim for damages and every infant, idiot, person of unsound mind or his guardian, who shall be dissatisfied in respect to the action of the board in respect to his claim or in respect to the damages allowed to him, may except to such supplemental report in writing on that account at any time within ten (10) days thereafter, whereupon such board of commissioners shall appoint three viewers, who are resident freeholders of the county, to reconsider the same, which viewers shall take and subscribe an oath faithfully to discharge their duties and shall examine the lands and property to be affected and assess such damages in each case as they deem to be just and reasonable and make report of their doings in writing to said board. The board shall cause said supplemental report and the report of such additional viewers to be spread of record and in event that the highway or highways or improvement on account of which said damages are allowed shall be finally established and ordered to be constructed, such damages shall be paid out of the proceeds of the sale of the bonds hereinafter authorized: *Provided,* That if the amount of damages awarded by the viewers is not 10% greater than the amount assessed by the board, the claimant shall pay the costs made by said viewers. If the party excepting to the supplemental report of the viewers is not satisfied with the award made to him, he may appeal to the circuit court of the county and the cause shall be tried de novo upon the exception to the supplemental report, but in no event shall such appeal stay the proceedings for the improve-

ment. When the board shall have finally determined that said highway or improvement thereof is of public utility and convenience; and when the board may have determined all questions of damages to property owners, then the board may enter an order establishing the highway or proposed improvement of highway and said improvement shall have precedence over all other highway improvements contemplated under the provisions of this act."

Section 5 of the Act provides for the giving of notice and when the petition for the improvement of the highway will be heard. The notice shall set forth concisely the character of the petition; the matter to be considered at such hearing; the beginning, course, and termination of said proposed highway, and shall designate the day and place where the hearing will be had and shall state that any interested party may appear and be heard.

It is thus seen that the report and profile shall remain in the office of the auditor for ten (10) days and during this time anyone who feels aggrieved may file a written claim for damages on account of the appropriation of or injury to his property. At the expiration of said ten (10) days the board shall make a supplemental report·setting forth the amount of damages allowed together with a description of the property on account of which such damages are allowed. If one is dissatisfied with the supplemental report as to damages, he may except thereto at any time within ten (10) days and then the commissioner shall appoint three viewers to reconsider the report, and if the party is not then satisfied he may appeal to the circuit court of the county and the cause is there tried de novo upon the exception to the final report. As heretofore stated, it is to be presumed that the board of commissioners followed the law in the construction of the road in question. It is therefore presumed that the

board filed a report and profile and gave the appellees an opportunity to file a written claim for damages. It is not alleged in either paragraph of complaint that this was not done. The statute provides the method by which the appellees could have recovered all damage, if any, done them and failing to follow the method provided they can not afterwards recover for such damages independently of the statute. Unless the method provided for in assessing damages is followed the authorities would not know the amount of bonds necessary to issue in order to build the improvement, as all damages are paid out of the proceeds of the sale of bonds as provided for in Section 14.

In the instant case the complaint was filed in 1935, six years after the road improvement was made. The judgment is relatively small, but small or large, it was the purpose of the statute to have all claims for damages to property appropriated or injured fixed so that a proper amount of bonds could be issued to take care of all costs, including construction and damages. To accomplish this purpose the statute specifically provided the method and procedure which must be followed.

It is a familiar rule that where the statute prescribes the mode of exercising a power, the mode prescribed must be adopted. *Platter* v. *Board of Commissioners* (1885), 103 Ind. 360, 2 N. E. 544.

The motion to strike out each paragraph of complaint was properly overruled. Such a motion can not perform the office of a demurrer for want of jurisdiction of the subject-matter. *Huffman* v. *Newlee* (1919), 189 Ind. 14, 124 N. E. 731; *Guthrie* v. *Howland* (1904), 164 Ind. 214, 73 N. E. 259.

The appellee contends that there is no complaint before this court on appeal. The complaint was filed in

the Elkhart Circuit Court and was tried in the LaGrange Circuit Court. It is true, as the appellees claim, there is nothing in the transcript to show that the Clerk of the Elkhart Circuit Court certified anything to the LaGrange Circuit Court. The appellees have assigned no cross-errors as to any irregularities of a change of venue from the Elkhart Circuit Court to the LaGrange Circuit Court. They went to trial in the LaGrange Circuit Court without objection and recovered judgment. The complaint is set out in the transcript and certified to by the Clerk of the LaGrange Circuit Court. We think this is sufficient. The case of *Consolidated Stone Co.* v. *Staggs* (1904), 164 Ind. 331, 73 N. E. 695, cited by appellees, is not applicable in the instant case. In that case the certificate only certified to the correctness of the copies of the entries of the court and it did not appear from the record that the original papers were deposited in the clerk's office. In the instant case a copy of the complaint of appellees, upon which they went to trial, is certified to by the Clerk of La-Grange County.

The verdict and judgment is contrary to law and the motion for a new trial should have been sustained.

Judgment reversed.