O'BANION ET AL *v*. STATE EX REL. SHIVELY ET AL.

[No. 768A120. Filed December 31, 1969. Rehearing denied January 26, 1970. Transfer denied May 11, 1970.]

*John O. Moss, Mercer M. Mance,* of Indianapolis, for appellants.

*Nelson G. Grills,* of Indianapolis, for appellees.

SULLIVAN, J.—This action was brought by appellees for a permanent injunction restraining appellants, Milton S. O'Banion and Henry S. Kelly, from selling alcoholic beverages, including packaged wines and liquor and refrigerated beer, until they have obtained from the Marion County Board of Zoning Appeals the authority to engage in such business. Appellees also sought to perpetually enjoin these activities until the appellants obtained from the Indiana Alcoholic Beverage Commission a like legal permit to so operate.

Appellant Kelly leases a building located at 3402 Clifton Street from appellant O'Banion. The Shivelys are taxpayers and owners of property located at 1057 W. 34th Street and the Highs are taxpayers and owners of property located at 1068 W. 34th Street, both of which properties are located across Clifton Street from the appellants' property in Indianapolis, Marion County, Indiana. Kelly, as lessee operated a package liquor store selling all kinds of beverages, including the sale of refrigerated beer. All parties admit that the sale of warm beer was pursued on the premises of 3402 Clifton Street prior to June 11, 1954.

The Common Council of the City of Indianapolis passed General Ordinance 64-1954, effective June 11, 1954, hereinafter referred to as the Permissive Use Ordinance, which restricted the uses in a class U-3 business district. The ordinance provided that a building in such class or district might be used in whole or in part as a tavern, restaurant, tea room, cafe, cocktail lounge, clubroom or stand or store where beer, wine or liquors were sold in packages or served in alcoholic

beverages, if the authority for such use was obtained after petitioning the Board of Zoning Appeals and after public notice and hearing, if the Board found that such use would substantially serve the public convenience and welfare, and would not substantially or permanently injure the appropriate use of neighboring property. Neither O'Banion, Kelly, nor any other person has petitioned or obtained from the Board of Zoning Appeals the authority to sell alcoholic beverages at the premises located at 3402 Clifton Street.

Kelly, prior to the time of opening and operating a package liquor store at 3402 Clifton, operated a similar package liquor store at another location in the city of Indianapolis. The permit for the operation of such other store would have expired on April 28, 1966. On February 19, 1966, however, when the permit had less than three months of unexpired term, Kelly made application to transfer the permit to the property located at 3402 Clifton Street. The Indiana State Alcoholic Beverage Commission granted the application to transfer and a license to operate a package liquor store at 3402 Clifton Street was issued. This permit was renewed one year later for a period extending from April 28, 1967, until after the time of the trial court's judgment.

The trial court stated the following conclusions of law:

"1. Stands or stores where beer, wine or liquors are sold in packages or sold in alcoholic beverages is a use which cannot be legally made of a building or structure without first obtaining a finding by the Board of Zoning Appeals of the Metropolitan Plan Commission of Marion County that such use will serve the public convenience and welfare and will not substantially or permanently injure the appropriate use of neighboring property. The failure of the defendants to obtain such approval makes the operation of a package liquor store selling alcoholic beverages at 3402 Clifton Street in the City of Indianapolis, Marion County, Indiana, an operation contrary to law.

"2. The transfer of an alcoholic beverage permit from one location to another location may not be made in case such permit has less than three months of unexpired term and the transfer of the alcoholic beverage permit of de-

fendant, Henry S. Kelly, to the location at 3402 Clifton Street, Indianapolis, Marion County, Indiana was a transfer contrary to law.

"3. The sale of alcoholic beverages from the premises at 3402 Clifton Street until a transfer in accordance with the law has been accomplished, and until authority from the Board of Zoning Appeals of the Metropolitan Plan Commission of Marion County has been obtained is a common nuisance.

"4. The plaintiffs as taxpayers of Marion County by maintaining an action in the State of Indiana to abate the nuisance of selling alcoholic beverages at 3402 Clifton Street in the City of Indianapolis, Marion County, State of Indiana are entitled to a judgment restraining the defendants, Henry S. Kelly and Milton S. O'Banion, from selling alcoholic beverages at the property located at 3402 Clifton Street, Indianapolis, Indiana until authority for such action has been obtained from the Board of Zoning Appeals of the Metropolitan Plan Commission of Marion County and until the package liquor store permit of Henry S. Kelly has been legally transferred to said location."

Appellants contend that we should reverse the judgment of the trial court because: (1) the trial court lacked jurisdiction of the subject matter, and therefore, erred in overruling appellants' motion to dismiss; (2) the Permissive Use Ordinance, being General Ordinance 64-1954, of The City of Indianapolis is invalid; (3) a valid non-conforming use attached to the real estate prior to the effective date of the ordinance; and (4) the court made special findings of fact and conclusions of law without indicating the intent to do so before the conclusion of the evidence.

## THE TRIAL COURT HAD JURISDICTION OF THE SUBJECT MATTER

Appellants contend that the trial court had no jurisdiction of the subject matter because concerning the issuance, suspension or revocation of a retail dealer's liquor, wine, beer and malt beverage permit, the legislature has placed absolute and exclusive discretion in the Alcoholic Beverage Commis-

sion. Appellants rely in this regard upon Indiana Acts 1945, ch. 357, § 11, as amended and as found in Indiana Annotated Statutes § 12-443 (Burns Repl. 1956), which provides:

"(b) All liquor retailer's permits, liquor dealer's permits, wine retailer's permits, wine dealer's permits, malt beverage retailer's permits and malt beverage dealer's permits shall be issued, suspended or revoked in the absolute discretion and judgment of the commission. No court shall have jurisdiction of any action, either at law or in equity, to compel the issuance of any such permit, or to revoke, annul, suspend or enjoin any action, ruling, finding or order of the commission suspending or revoking any such permit, and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity."

This contention was presented below by way of a motion to dismiss. It is well-established that lack of jurisdiction of the subject matter in such situation is properly presented by demurrer, not by motion to dismiss. Indiana Acts 1881 (Spec. Sess.), ch. 38, § 85, as amended and as found in Indiana Annotated Statutes § 2-1007 (Burns Repl. 1967); *Board of Commissioners of Elkhart Co.* v. *Murray* (1936), 210 Ind. 186, 1 N. E. 2d 932; *Huffman* v. *Newlee* (1919), 189 Ind. 14, 124 N. E. 731; *Minor* v. *Sumner* (1923), 80 Ind. App. 269, 140 N. E. 580. The lower court's ruling on said motion to dismiss was therefore proper. Since, however, Indiana Acts 1881 (Spec. Sess.), ch. 38, § 89, as amended and as found in Indiana Annotated Statutes § 2-1011 (Burns Repl. 1967), indicates that jurisdiction of the subject matter can be raised for the first time on appeal, we now address ourselves to that contention.[1]

1. The parties hereto assume that the jurisdictional question is properly before us and appellee does not argue that Burns' § 2-1011 merely means that if the jurisdictional issue is not raised at all at the trial level it may be raised for the first time upon appeal. We, therefore, do not address ourselves to the circumstances, as here, where the jurisdictional question is presented improperly below or where the adverse ruling on the question below is not properly preserved upon appeal. See *United States Health & Accident Insurance Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N.E. 760, wherein the Court held at page

For several reasons we find that the trial court had jurisdiction of the subject matter. The primary basis for the action below is not the illegal grant or revocation of a permit. Rather it is the illegal use of real property. Appellees did not object to the possession by Kelly of a permit to operate a package liquor store. They only object to the use of the premises at 3402 Clifton in a manner not contemplated or authorized by the zoning laws and they ask that the appellant be restrained from such activity until he has obtained proper authority from the Metropolitan Board of Zoning Appeals as required by the Indianapolis Permissive Use Ordinance, being General Ordinance 64-1954. The argument that Ind. Ann. Stat. § 12-443, might jurisdictionally preclude a trial court's determination that an alcoholic beverage commission permit transfer is invalid if made within three months of its expiration date is inconsequential because the trial court here clearly *did* have jurisdiction to determine whether the use of the property was contrary to law because of the zoning ordinance violation.[2]

In addition, the Alcoholic Beverage Act specifically grants authority for taxpayers to bring an action in the name of the State of Indiana to abate and perpetually enjoin any nuisance defined in the act. A portion of said Act, being Indiana Acts 1935, ch. 226, § 37, as found in Indiana Annotated Statutes § 12-705 (Burns Repl. 1956), provides:

---

349: "By the plea in abatement, the jurisdiction of the court as to the subject-matter of the action was challenged, and on the issue thus raised, the trial court decided against appellant. On that issue no further steps were taken and no question saved for review."

2. Appellants do not directly attack the findings and conclusions of the trial court which held the permit transfer to be invalid because effected within three months of the expiration of said permit. It may well be that future litigation or legislation might prohibit judicial review of such Alcoholic Beverage Commission action, but Burns § 12-443 does not, at present, mention or encompass "transfer" or "renewal." Further, said section does not by its language prohibit a court imposed injunction against permit "transfer," "renewal," or for that matter, "issuance," although it does prohibit judicial injunctions of suspensions or revocations of permits ordered by the Alcoholic Beverage Commission.

"* * * any taxpayer of the county, may maintain an action in the name of the state of Indiana to abate and perpetually enjoin * * * any nuisance as defined in this act. * * * The court shall also have jurisdiction to enjoin permanently or by restraining order or temporary injunction the continuance of said unlawful conduct or practice or nuisance complained of. * * *"

Nuisance is defined by § 36 of said Act, being Indiana Annotated Statutes § 12-704 (Burns Repl. 1956), as follows:

"Any * * * building * * * where any kind of alcoholic beverages are sold * * * *in violation of law* * * * are hereby declared to be a common nuisance * * *." (Emphasis supplied)

It should be noted that this definition is not limited to violations of the Alcoholic Beverage Act.

Another facet of appellants' argument is that appellees' complaint is for an injunction and that the jurisdiction of a court for issuance of injunctions is limited to the protection of civil and property rights. Appellants reason that there is no jurisdiction here because of the substantial number of cases which rule that the holder of a liquor permit possesses a privilege, not a civil or property right. See *State ex rel. Pollard* v. *Superior Court, Marion Co.* (1954), 233 Ind. 667, 122 N. E. 2d 612. Appellants, in this regard, no doubt have confused the rights of appellees with the privileges of appellants and have transposed either the parties or their respective rights and privileges. The interest of appellees in this case is not that of a liquor permittee. It is in the interest of propery owners such as appellees, however, to restrain illegal acts which constitute a nuisance in their neighborhood. Appellees are afforded this right by the Alcoholic Beverage Act (Burns § 12-705), the same act which grants appellant Kelly his permit privilege.

Still another element of appellants' argument is that there was no evidence of any injury or damage to appellees' property rights and that therefore the trial court's finding to that effect was erroneous.

Burns § 12-705 authorizes suits of this nature to enjoin or abate a nuisance. All that the plaintiffs had to do was allege, as they did, that defendants sold alcoholic beverages in ■ violation of the law. This, under Burns § 12-704, is an allegation of nuisance.

The trial court, under the evidence, was authorized to find such violation to exist and declare same a common nuisance and order it abated. Therefore, plaintiffs' allegation of irreparable harm to their own property and the court's finding thereof was surplusage. Accordingly, the fact that there was no evidence, other than by inference, that appellees sustained injury or damage to property rights is unavailing to appellants.

We hold that not only did the trial court have jurisdiction of the subject matter of the cause, but as well that this court has jurisdiction of the appeal.[3] We further find and hold that

3. Appellees have not alleged nor argued that this court lacks jurisdiction of this appeal, nor have appellants filed a petition to transfer the appeal to the Supreme Court. Not unaware, however, of Burns § 4-214, which provides in part as follows:

"Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:

"First. All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity or an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution.",

we nevertheless deem jurisdiction to be in this Court. Firstly, we find that the validity of the ordinance was only inferentially, not directly, attacked below in that it was not made the substance of a demurrer or partial demurrer, but rather was incoporated in one of many rhetorical paragraphs of defendants' answer to the merits. See *Berkey v. City of Elkhart* (1895), 141 Ind. 408, 40 N. E. 1081; Wiltrout, Indiana Practice § 3181(1). These latter citations are authority for our retention of jurisdiction here notwithstanding that the trial court felt the validity of the ordinance to be directly in question and notwithstanding our treatment hereinafter concerning the same issue. Secondly, we deem the validity of said ordinance (assuming arguendo that such validity was and is duly challenged) to depend upon statutory construction and since said ordinance and statute are hereinafter determined by us to be not in disharmony, jurisdiction exists in this court to determine the cause. See *People's National Bank v Ayer* (1900), 24 Ind. App. 212, 56 N.E. 267.

The foregoing construction and interpretation of Burns §§ 12-705

there was sufficient evidence to justify the trial court's finding that defendants-appellants sold alcoholic beverages in violation of a valid municipal ordinance and that by reason of the Alcoholic Beverage Act such violation constitutes a common nuisance subject to abatement by complaint of any taxpayer, such as appellees.

## THE PERMISSIVE USE ORDINANCE OF INDIANAPOLIS IS VALID

Appellants argue that the "Permissive Use Ordinance", being General Ordinance 64-1954 of The City of Indianapolis, is invalid for two reasons: First, because it conflicts with the Alcoholic Beverage Act of 1935; and second, because it contains an unreasonable classification. We reject both contentions.

The pertinent paragraph of the Alcoholic Beverage Act of 1935 (Indiana Acts 1935, ch. 226, § 18, as found in Indiana Annotated Statutes § 12-517 (Burns Repl. 1956), provides, in part, as follows:

> "* * * No city or town or board of trustees or common council or other officer thereof shall have any *power or jurisdiction to regulate or govern the sale of, traffic in, or transportation of alcoholic beverages,* or to levy or impose any tax, fee, license fee *or issue or to require any license to be issued by any such town or city or by the officer or agent* thereof in respect thereto * * *.

> "No ordinance of any city or town shall in any way *regulate, restrict, enlarge or limit the operation or business of the holder of any liquor retail permit* or his privileges under such permit as prescribed by this act, directly or indirectly, nor may the board of trustees or common council of any town or city enact any *ordinance covering any other business or place of business for the conduct thereof in such wise as to prevent or inhibit the holder of a retail*

---

and 12-704 render Burns § 12-443 not inconsistent therewith. The "nuisance" provisions of the alcoholic beverage law (Burns §§ 12-704 and 12-705) are in harmony with the jurisdictional provisions of Burns § 12-443. Such construction as hereinbefore set forth gives force and effect to each and all such ordinance and statutory provisions.

*liquor permit from being qualified to obtain or continue to hold such permit,* or operate to interfere with or prevent the exercise of said permittee's privileges under said permit * * *." (Emphasis supplied)

The crucial portion of the Permissive Use Ordinance of 1954, *supra,* is as contained in Sec. 11-112(b)8 of The Zoning Code of The City of Indianapolis, Indiana, and reads, in part, as follows:

"(b)    U3 Uses Subject to Specified Requirements. In a class U3 or business district, a building or structure * * * may * * * be * * * used * * * for any of the following enumerated uses when on a lot determined by the board of zoning appeals, after public notice and hearing to be so located that such building, structure or use will, in the judgment of said board, substantially serve the public convenience and welfare, and will not substantially or permanently injure the appropriate use of the neighboring property, to-wit: * * *"

In construing seemingly conflicting laws the Supreme Court of Indiana in *Board of Medical Registration and Examination* v. *Turner* (1960), 241 Ind. 73, 82, 168 N. E. 2d 193, provided a standard:

"* * * The law is well settled that we should construe a statute if possible in a manner harmonious to and consistent with other laws, rather than in a manner conflicting therewith * * *."

Indiana Annotated Statutes § 12-301 (Burns Repl. 1956), is opposite to the consideration of whether harmonious construction of these laws is possible. Such provision, being part of the Alcoholic Beverage Act of 1935, sets forth the purpose of the act as follows:

"This act shall be deemed an exercise of the police powers of the state, for the protection of the economic welfare, health, peace and morals of the people of the state, and to prohibit forever the open saloon; and it is hereby declared that all the provisions of this act and the classifications and differentiations herein made and/or authorized to be made,

are actually and substantially related to the accomplishment of the object of this act and necessary to effectuate its purpose; and it is declared that alcohol and all beverages containing alcohol shall be subject to the provisions of this act; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose."

We find nothing in the Permissive Use Ordinance of 1954 which is inconsistent with the stated purposes of the Alcoholic Beverage Act of 1935. The ordinance is not a regulation governing the sale of, the traffic in, or the transportation of, alcoholic beverages. It is not the levy of a tax or fee or license to permit the sale of alcoholic beverages. The ordinance does not in any way regulate, restrict, enlarge or limit the operation or business of the holder of a liquor retail permit or his privileges under such permit as prescribed by the Alcoholic Beverage Act. The ordinance very simply covers the utilization of real property. Nothing in *Indiana Annotated Statutes* § 12-517, *supra*, limits the authority of a city to control the use of real property for the purpose of selling alcoholic beverages. The planning ordinance is applicable only to the use of such property. The Alcoholic Beverage statute is applicable only to the business of selling alcoholic beverages.

Appellants also contend that the Permissive Use Ordinance is invalid because it contains an unreasonable classification. Appellants argue that the decision of the trial court is contrary to law because Sec. 11-112(b)8, being a city ordinance, is a part of the Master Plan Zoning Ordinance adopted by the County Council of Marion County, Indiana, as Ordinance No. 8-1957, yet the Permissive Use Ordinance applies only to real estate located in the city of Indianapolis. This is an unreasonable classification, say appellants, which invalidates so much of Ordinance No. 8-1957 of the County Council of Marion County which permits that classification. It is uncontroverted that the ordinance in question was initially adopted by the Common Council of the City of Indianapolis, and when the General Assembly, pursuant to

ch. 283 of the Acts of 1955, as found in Indiana Annotated Statutes § 53-901, *et seq* (Burns Repl. 1964), combined all zoning responsibilities under a county-wide Metropolitan Plan Commission, said zoning ordinances became and remained applicable unless and until repealed or amended by the county council. Clearly, what was reasonable and constitutional at the time of its adoption by the City cannot be made unreasonable and unconstitutional through the technicality of changing the regulatory body concerned with such zoning responsibilities.

However, even assuming, arguendo, that the ordinance contains an unreasonable classification, the fact remains that appellants make no attempt to show that such alleged unreasonable classification makes the ordinance invalid as a matter of law. The burden of establishing the alleged unreasonableness and the attendant invalidity, if any, is on the appellants and such burden is not discharged by the mere statement that the ordinance contains an unreasonable classification and is therefore invalid.

## A VALID NON-CONFORMING USE DID NOT ATTACH TO THE REAL ESTATE

The appellants have cited The Municipal Code of Indianapolis, Indiana, Sec. 11-120, which defines a nonconforming use as follows:

"11-120. Non-conforming uses.— (a) Definition-Continuance. Any building structure, or land use in conformity to or permitted by virtue of the original zoning ordinance, being General Ordinance No. 114, 1922, as amended, and in existence at the time the later ordinance, restated in this chapter, became effective, but which building, structure, or land use is not in conformity to the provisions thereof, or of this chapter, shall be deemed to be a non-conforming use and may continue in the absence of a voluntary abandonment thereof * * *."

Appellants argue that the decision of the trial court must be reversed because a valid non-conforming use attached to

the property in question. They reason that a non-conforming use attached because plaintiffs and defendants both admitted that the property was used to sell beer *before* the effective date of the Permissive Use Ordinance and because there is no evidence that such use was voluntarily abandoned.

This argument of appellants must fail because the non-conforming use ordinance requires that the particular land use must be in existence at the time the later prohibitive ordinance becomes effective. It is well established that the burden of proving the existence of a non-conforming use is on the party asserting the existence of such non-conforming use. Indiana Acts 1955, ch. 283, § 82(a), as added by Indiana Acts 1959, ch. 380, § 28 and as found in Indiana Annotated Statutes § 53-982a (Burns Repl. 1964). Since the admissions of the parties state only that the property was used to sell beer *before* the effective date of the ordinance there is no evidence that such use was in existence *on* the effective date of the ordinance, i.e., June 11, 1954, or that the use was not voluntarily discontinued. Therefore, appellants failed to discharge their burden of proof on this issue.

Even if appellants were correct in their contention, the continuation of the alleged non-conforming use would be limited to the sale of beer since there is no evidence of any other alcoholic beverage being sold on the premises on or prior to June 11, 1954. See *Salerni* v. *Schuey* (1954 Conn.), 102 A. 2d 528.

FAILURE OF COURT TO ANNOUNCE INTENT
CONCERNING SPECIAL FINDINGS OF FACT AND
CONCLUSIONS OF LAW NOT REVERSIBLE

Supreme Court Rule No. 1-7B is, insofar as pertinent, as follows:

"Special Findings of Fact. The Court may on its own motion in any case make special findings of fact and con-

clusions of law thereon which constitute the grounds of its action or judgment, provided it shall indicate its intentions to do so on or before the conclusions of the evidence. * * *"

The record does not disclose that either party moved or that the court stated its intent prior to the conclusion of the evidence to require special findings of fact and conclusions of law. Appellants, however, have failed to allege or show that they have been harmed by such previously unannounced findings and conclusions. Since a "judgment will not be reversed even though an error is committed, if it did not prejudice the substantial rights of the complaining party", *Kalleres* v. *Glover, Receiver* (1935), 208 Ind. 472, 196 N. E. 679, the failure of the court to indicate its intent to require findings of fact and conclusions of law is not a basis for reversing the decision of the court in this case.

For the foregoing reasons, the judgment below is affirmed and the costs hereof are assessed against appellants.

Lowdermilk, P.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 253 N. E. 2d 739.