Gary D. BRYANT, Appellant
(Defendant Below)

v.

STATE ex rel. Ralph W. VAN NATTA,
Appellee (Plaintiff Below).

No. 3–1178A294.

Court of Appeals of Indiana,
Third District.

June 12, 1980.

John P. Geberin, Bowser & Geberin, Warsaw, for appellant.

Theodore L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

The defendant, Gary D. Bryant, was convicted of being an habitual traffic offender and now brings this appeal. In the motion to correct errors, the following issues are raised:

(1) whether the decision of the trial court in supported by sufficient evidence in that the Commissioner did not prove by a preponderance of the evidence that the defendant had accumulated the three requisite convictions under IC 1971, 9–4–13–3(a)(2) (Burns Code Ed.);

(2) whether the decision is contrary to law because the Commissioner failed to prove that the defendant was given the warnings required by IC 1971, 35–4.1–1–3 (Burns Code Ed.) and the prior case law before his guilty pleas were accepted for his prior convictions;

(3) whether the court abused its discretion in failing to dismiss the complaint for laches since more than five years elapsed since the defendant's most recent conviction and the date the abstract was certified; and

(4) whether the court erred in admitting over objection Plaintiff's Exhibit No. 1 which contained several errors and was not authentic and accurate.

■ In support of the first allegation of error, the defendant argues that the driving record which was admitted into evidence as a part of Plaintiff's Exhibit No. 1 was not properly certified by the Commissioner of the Bureau of Motor Vehicles as required by IC 1971, 9–4–13–4 (Burns Code Ed.). The transcript of the trial reveals that at the time this document was admitted into evidence, the defense counsel did not object to the certification of the document. To preserve an error for review on appeal, a proper objection must be made when the evidence is offered for admission. As the Supreme Court of Indiana stated in *Widmer v. Sweeney et al.* (1955), 234 Ind. 263, at 267–268, 124 N.E.2d 385, at 387:

"The rule is fundamental that this court will not reverse a ruling of the trial court unless the *specific objection* relied upon was presented to that court for consideration." (Original emphasis)

See, *Individual Members, etc. v. City of Mishawaka* (1976), Ind.App., 355 N.E.2d 447. Since no objection was made to the certification at trial, the issue will not be reviewed on appeal.

■ The defendant also contends that the evidence is insufficient because it did not prove three prior convictions. In particular, the conviction of April 3, 1971 for driving with a suspended license is challenged. The defendant testified that he did not recall receiving the ticket or pleading guilty to the charge and that the middle initial of the signature on the ticket is incorrect. However, he also testified that the signature looked like his and that the model of the automobile, the address, birthdate, age, height and weight, as shown on the ticket were all correct. From this evidence, the court could reasonably conclude that the defendant was the same person who was convicted on April 3, 1971.

The second allegation of error states that the defendant's prior convictions are invalid due to a failure to warn the defendant of the consequences of a guilty plea. During the prior proceedings, the court did not inform the defendant of the maximum possible sentence, the minimum sentence and of any possible increased sentence by reason of the fact of a prior conviction. These warnings are required by IC 1971, 35–4.1–1–3 before the acceptance of a guilty plea in criminal proceedings.

■ Bryant's argument constitutes a collateral attack on a prior conviction and, for that reason, it must fail. An effort to re-try the merits of prior convictions is not permissible in an habitual traffic offender proceeding. *Hardin v. State ex rel. Van Natta* (1978), Ind.App., 376 N.E.2d 518. In the case of *State v. Dossett* (1977), Ind. App., 368 N.E.2d 259, at 262, Judge Robertson wrote,

"Generally, a party to a judgment may not collaterally attack the final judgment of a court of competent jurisdiction when

the record is regular on its face. . . . Such judgment is entitled to full faith and credit by courts of coordinate jurisdiction until set aside, either by appeal or by direct proceeding brought in the court rendering it for that purpose. . . . Where a court has jurisdiction of the subject matter and of the person of the defendant, and it renders a judgment not in excess of the jurisdiction or power of the court, no judgment it may render within the issues is void, however erroneous it may be. . . .

"It follows that only errors affecting jurisdiction or the power or authority of the trial court to enter a judgment may be the basis of a collateral attack." [Citations omitted]

Therefore, the defendant's contention of improper proceedings in prior convictions may not be reviewed by this Court within the context of the present case.

The equitable doctrine of laches is the basis of the appellant's third assignment of error. The abstract of court convictions shows that the defendant's most recent conviction occurred on October 13, 1972, and his last suspension was closed on September 19, 1976. The complaint in this case was filed on March 24, 1978. During the period following his last conviction, three temporary licenses, an operator's license, and a chauffeur's license were issued to Bryant by the Bureau of Motor Vehicles.

■ The defense of laches is a determination which lies within the sound discretion of the trial court. For a decision to be reversed on appeal, an abuse of discretion must be clearly demonstrated. *Hall v. Indiana Dept. of State Revenue* (1976), Ind. App., 351 N.E.2d 35. Three elements which comprise the defense of laches are:

1. inexcusable delay in asserting a right;
2. implied waiver arising from knowing acquiescence in existing conditions; and
3. circumstances causing prejudice to the adverse party.

*State, Crooke v. Lugar* (1976), Ind.App., 354 N.E.2d 755, at 765.

■ The action of the Commissioner in instituting this action one and one-half years after the close of the last suspension of the defendant's driving license does not constitute inexcusable delay. The granting of subsequent licenses may not be interpreted as a knowing acquiescence from which an implied waiver will arise. And, finally, the necessity of purchasing high-risk auto insurance has not created undue prejudice to Bryant. Therefore the trial court properly refused to dismiss this action under the doctrine of laches.

■ The last issue raised by the motion to correct errors is whether the trial court erred in admitting Plaintiff's Exhibit No. 1, a certified abstract of court convictions and a summary of the defendant's driving record. Defense counsel objected to the admission, charging that the document was incorrect and unreliable. The trial court correctly admitted this evidence and provided the defendant a full opportunity to challenge and dispute the information contained therein. No error occurred.

The judgment is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.