Maria TAYLOR, Michael J. Grannan, Edna E. Grannan, and Edward C. Campbell, d/b/a Uncle Earl's Tavern, Appellants (Defendant below),

v.

The METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, Appellee (Plaintiff below).

No. 2–1281A422.

Court of Appeals of Indiana, Second District.

June 28, 1982.

Joseph F. Quill, L. Craig Turner, Quill, Boberschmidt, Miller & Turner, Indianapolis, for appellants.

Larry F. Whitham, Asst. Corp. Counsel, Indianapolis, for appellee.

SHIELDS, Judge.

Maria Taylor, Michael J. Grannan, Edna E. Grannan, and Edward C. Campbell d/b/a Uncle Earl's Tavern (Campbell) appeal the judgment of the trial court in favor of the Metropolitan Development Commission of Marion County (Commission) in an action brought by the Commission against Campbell.

Campbell argues the judgment of the trial court enjoining his use of certain real estate in Marion County as a "tavern" is erroneous because

1. the use constituted a legally established nonconforming use and

2. the Commission was barred from seeking relief by its laches.

We affirm.

## I

■ Campbell argues the trial court's judgment is contrary to law because the evidence before the trial court established his defense of nonconforming use. On appeal, Campbell's burden is to establish the evidence inexorably leads to but one conclu-sion and the fact finder has reached another. *Lamb v. Conder,* (1975) 166 Ind.App. 293, 335 N.E.2d 625.

■ Campbell correctly asserts the undisputed evidence is that a lawful, nonconforming use (liquor store) did exist on the real estate on the effective date of the zoning ordinance. However, the use of the real estate enjoined by the judgment is not use as a liquor store but use as a tavern.

■ Campbell then argues a nonconforming use can be changed to another nonconforming use of the same or lesser restriction. This argument is flawed. The extent to which a change is permissible depends upon the provisions of the zoning ordinance. *Jacobs v. Mishawaka Bd. of Zoning Appeals,* (1979) Ind.App., 395 N.E.2d 834. In *Jacobs* this court reversed the trial court's determination a change in use from a service station to a used car business constituted an impermissible change in use of a nonconforming use. However, this court found the subject zoning ordinance allowed an existing nonconforming use to change to another nonconforming use of the same or lesser restriction. At the same time the *Jacobs* court cautioned:

"The extent to which a change in a nonconforming use is permissible depends upon the provisions of the zoning regulation, the nature of the uses in question and the facts of the particular case in question. Each case involves and requires a determination and consideration of the facts of the particular case measured against the language of the applicable ordinance or statute. *City of Beech Grove v. Schmith* (1975), 164 Ind.App. 536, 329 N.E.2d 605; *Powers et al. v. Building Inspector of Barnstable* (1973), 363 Mass. 648, 296 N.E.2d 491. 'Drawing conclusions from other cases is dangerous because the zoning regulations governing nonconforming uses vary widely from jurisdiction to jurisdiction.' *City of Beech Grove, supra,* 329 N.E.2d at 611."

*Jacobs,* 395 N.E.2d at 836.

In this case, Campbell failed to introduce evidence the zoning ordinance in question

contained a like or similar provision allowing a change in a nonconforming use to another use of the same or lesser restriction. Parenthetically, we also note Campbell failed to introduce evidence use as a tavern is a use of the same or lesser restriction as use as a package liquor store.

■ Furthermore, the policy of zoning ordinances is to secure the gradual or eventual elimination of nonconforming uses and to restrict or diminish, rather than increase, such uses. *Jacobs*, 395 N.E.2d at 836. Thus, our courts have strictly limited a nonconforming use to the particular use in existence on the effective date of the zoning ordinance. *Chizum v. Elkhart Co. Plan Comm.*, (1970) 147 Ind.App. 691, 263 N.E.2d 654 (land used for daytime drag racing before enactment of ordinance, therefore nighttime drag racing not a legal nonconforming use; nonconforming livestock feeding restricted to area so used at enactment of ordinance); *O'Banion v. State ex rel. Shively*, (1969) 146 Ind.App. 223, 253 N.E.2d 739 (alleged nonconforming use of premises for sale of beer restricted to sale of beer; did not permit subsequent sale of any other alcoholic beverage). We therefore disagree with Campbell's broad classification of the legal nonconforming use on the subject real estate on the enactment of the zoning ordinance as commercial thereby permitting a change to any other commercial use. Rather, the legal nonconforming use was a package liquor store. We thus find the trial court did not err when it concluded the change to use as a tavern is a non-permissible change.

## II

Campbell next claims the trial court committed reversible error in ruling this action was not barred by laches. He argues "the City neglected to do what in law should have been done in a more reasonable length of time," *i.e.*, specifically object to the issuance of the alcoholic beverage permit or timely notify Campbell of his violation.

We disagree.

Assuming the doctrine of laches is applicable to block a municipal corporation in the exercise of its governmental duty to enforce zoning regulations, we review the trial court's decision against Campbell on his defense of laches only for a clearly demonstrated abuse of discretion. *Bryant v. State ex rel. Van Natta*, (1980) Ind.App., 405 N.E.2d 583. An abuse of discretion occurs only when the trial court's conclusion and judgment is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Summerlot v. Summerlot*, (1980) Ind.App., 408 N.E.2d 820, 828.

■ The elements comprising the defense of laches include:

1. inexcusable delay in asserting a right;
2. implied waiver arising from knowing acquiescence in existing conditions; and
3. circumstances causing prejudice to the adverse party.

*Bryant.*

As to principles one and two, the record reveals the tavern opened December 27, 1978. Prior to the opening and again in 1979 Campbell applied to the Alcoholic Beverage Commission, a state agency, for a liquor permit on the subject premises. As part of that procedure, notice concerning the license hearing was published in the newspaper. The Commission, a municipal agency, did not appear as a remonstrator. However, after a neighbor of the tavern complained to the Commission in May or June of 1979 Campbell was contacted by the Commission, both in 1979 and 1980, concerning the violation. Suit was commenced September 5, 1980. As to principle three, the record is devoid of any evidence of injury, prejudice, or disadvantage to Campbell resulting from the lapse of time between the commencement of his violation and the institution of the Commission's suit.

■ We find the trial court did not abuse its discretion in determining this evidence did not compel a determination that each of the three principles of laches did exist.

*Bryant,* 405 N.E.2d at 585. Therefore, we agree with the trial court's determination the Commission was not barred by laches.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.