## CITY OF FORT WAYNE, Appellant–Plaintiff,

v.

## George KOTSOPOULOS and M. Robert Benson, Appellees–Defendants.

### No. 02A03–9705–CV–170.

Court of Appeals of Indiana.

Jan. 14, 1999.

Trina Glusenkamp Gould, City of Fort Wayne Law Department, Fort Wayne, for Appellant–Plaintiff.

M. Robert Benson, Benson, Pantello, Morris, James & Logan, Fort Wayne, pro se.

Robert E. Connolly, Fort Wayne, for Appellee–Defendant George Kotsopoulos.

## OPINION

KIRSCH, Judge.

The City of Fort Wayne (the City) appeals from a summary judgment that dismissed citations the City had issued to George Kotsopoulos and M. Robert Benson (collectively, the Merchants) for violation of the City's Transient Merchant ordinance. The appeal

presents one dispositive issue: Whether the Indiana statutes controlling the sale of alcoholic beverages preempt Fort Wayne's Transient Merchant ordinance.[1]

We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

The City issued citations to the Merchants for operating beer tents during local Germanfest and Three Rivers festivals without obtaining Transient Merchant permits. The City claimed that the failure to obtain permits violated the Transient Merchant ordinance, which requires merchants to obtain local Transient Merchant permits if they intend to sell alcoholic beverages in tents or other temporary structures during a festival. Fort Wayne, Ind., ORDINANCES § 117.02 (1993). To obtain permits, merchants must pay fees ranging from $500 to $1000 per day, with additional fees of $300 to $500 per hour for every hour of operation after certain designated times. ORDINANCES § 117.04.

The Merchants challenged the City's claims, arguing that the beer tents were exempt from the Transient Merchant ordinance and that the ordinance was invalid. The Merchants sought partial summary judgment, which the trial court granted on the ground that the ordinance was preempted by the Indiana alcoholic beverage statutes. The court entered final judgment on the City's claims, and the City appeals.[3]

## DISCUSSION AND DECISION

### I. STANDARD OF REVIEW

Summary judgment is appropriate when no material facts are in dispute in the litigation. *Sizemore v. Arnold,* 647 N.E.2d 697,

698 (Ind.Ct.App.1995). When reviewing a summary judgment, this court applies the same standard as the trial court. *Wickey v. Sparks,* 642 N.E.2d 262, 265 (Ind.Ct.App. 1994), *trans. denied* (1995). A summary judgment must be affirmed on appeal if the evidentiary materials properly presented to the trial court demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Barga v. Indiana Farmers Mut. Ins. Group, Inc.,* 687 N.E.2d 575, 576 (Ind.Ct.App.1997), *trans. denied* (1998). In determining whether summary judgment is appropriate, all facts and reasonable inferences must be construed against the moving party. *Wickey,* 642 N.E.2d at 265.

### II. PREEMPTION

Fort Wayne is entitled to a presumption that its ordinance is valid. *City of Indianapolis v. Clint's Wrecker Service, Inc.,* 440 N.E.2d 737, 747 (Ind.Ct.App.1982). This presumption will give way where the State has preempted local issuance of permits. *Id.* at 746–47. The Merchants contend that the State has indeed preempted local permitting. To this end, the Merchants cite various state statutes, and maintain that the state Alcoholic Beverage Commission has the sole power to issue alcoholic beverage permits. In response, the City contends that the state statutes leave room for local regulation of transient merchants as defined in the ordinance.[4]

Both parties' contentions turn on the scope and breadth of the Indiana alcoholic beverage statutes. Accordingly, the analysis here must begin with a review of those statutes.

---

**1.** FORT WAYNE, IND., ORDINANCES ch. 117 (1993).

**2.** This case was fully briefed on July 17, 1997. Because of an administrative glitch in the office of the Clerk of the Supreme Court and Court of Appeals, the case was not transferred to this court until October 29, 1998. We apologize to the parties and their counsel for the delay and attendant inconvenience.

**3.** The Merchants also filed a counterclaim against the City. The counterclaim is not at issue in this appeal.

**4.** The ordinance states, "It shall be unlawful for any transient merchant to do or transact any business in the sale of goods, wares or merchan-

dise of any and every kind, make and description, without first obtaining a permit therefor as herein provided." ORDINANCES § 117.02. The permit at issue here is required of "[a]ll persons, both as principals and agents, who engage in the sale of alcoholic beverages to the general public, as licensed to do so by the Indiana Alcoholic Beverage Commission through a Caterer's Permit or Temporary Beer or Temporary Wine Permit, who do so in a temporary structure, tent or mobile building during any of the same days that a festival is occurring in the city." ORDINANCES § 117.01.

Codified as Title 7.1 of the Indiana Code, the statutes regulate and limit the manufacture, sale, possession, and use of alcoholic beverages. The Title is broad in scope and purpose; its purpose includes "protect[ing] the economic welfare, health, peace and morals of the people of this state." IC 7.1–1–1–1; *see Barco Beverage v. Indiana Alcoholic Beverage Comm'n*, 595 N.E.2d 250, 254–55 (Ind. 1992).

■ The breadth of the statute is illustrated in Article 3, the article that describes various alcoholic beverage permits. IC 7.1–3–1–1—7.1–3–24–12. The Article authorizes the state Alcoholic Beverage Commission to issue at least seventeen different types of permits. Three types are pertinent to the City of Fort Wayne's ordinance: Liquor Retailers' Permits, Supplemental Caterers' Permits, and Three-way Permits. These permits are linked to each other in the statute. For example, a Liquor Retailer's Permit entitles a merchant to sell liquor on the premises referenced in the permit. IC 7.1–3–9–1. If that merchant wishes to sell beer and wine on the premises, the merchant must obtain a Three-way Permit. IC 7.1–1–3–47; IC 7.1–1–3–20. If a Three-way Permit holder then wishes to sell alcoholic beverages in another location temporarily, the permit holder must obtain a Supplemental Caterers' Permit. IC 7.1–3–9.5–1.

Neither the statute defining Three-way Permits nor the statute defining Supplemental Caterers' Permits address the issue of local regulation. In the chapter addressing Liquor Retailers' Permits, however, there is an express preemption provision:

"a city or town legislative body … shall have no power or jurisdiction to regulate the sale of, traffic in, or transportation of alcoholic beverages, or to levy a tax, fee, license fee, or to issue or require a license."

IC 7.1–3–9–2.

Despite the broad language in the provision (referred to herein as Section Two), the City suggests that Section Two preempts liquor permits only, leaving room for local issuance of other permits. This suggestion overlooks the statutory structure that renders Supplemental Caterers' Permits a subset of Liquor Retailers' and Three-way Permits. Because Supplemental Caterers' Permits are a subset, the Section Two limitation on the power of municipalities to regulate holders of Liquor Retailers' Permits necessarily limits municipalities' power to regulate holders of Supplemental Caterers' Permits.

In addition, another section (referred to herein as Section Six) proscribes any local ordinance that

"directly or indirectly regulates, restricts, enlarges, or limits the operation or business of the holder of a liquor retailer's permit as provided in this title. A city or town shall not enact an ordinance covering any other business or place of business for the conduct of it in such a way as to … interfere with or prevent the exercise of the permittee's privileges under the permit."

IC 7.1–3–9–6. If, as the City suggests, Section Two pertains only to liquor retailers, then Section Six would be largely superfluous.[5] Further, if the legislature had intended the Section Two preemption provision to apply only to liquor permits, the preemption would have referenced only liquor. The legislature demonstrated its intent that the Section Two preemption apply to all alcoholic beverages by using the defined term "alcoholic beverages," which means "a liquid or solid that (1) is, or contains, one-half percent (0.5%) or more alcohol volume; (2) is fit for human consumption; and (3) is reasonably likely, or intended, to be used as a beverage." IC 7.1–1–3–5; *compare* IC 7.1–1–3–21 (definition of liquor). Given Section Two's broad language and its use of a statutorily defined term, Section Two must be deemed to apply to all alcoholic beverages, not just to liquor.

The City attempts to avoid the Section Two preemption provision by claiming that its ordinance is in the nature of a zoning ordinance, i.e., that its ordinance regulates an event rather than a merchant. In support of this claim, the City cites *O'Banion v. State ex rel. Shively*, 146 Ind.App. 223, 253 N.E.2d 739 (1969). The *O'Banion* case, however,

---

**5.** Section Six also clarifies small cities' powers regarding liquor retailers within city limits. *See* IC 7.1–3–9–3 (small city exception to liquor permit issuance).

involved facts completely different than those presented here. In *O'Banion,* the appellants claimed the state alcoholic beverages statutes preempted a local zoning ordinance because the ordinance attempted to regulate the location of taverns. *Id.* at 232, 253 N.E.2d at 740. This court found the ordinance valid because it regulated the use of real property rather than the sale of alcohol. *Id.* at 234, 253 N.E.2d at 745. The court specifically noted that the ordinance did not levy a tax, fee or license requirement on alcohol sales. *Id.* Here, in contrast, the ordinance at issue expressly requires merchants to obtain a local permit before selling alcohol during festivals. This requirement conflicts with the Section Two preemption provision. As noted above, the various state-issued alcohol permits are linked to each other, and local regulation of one aspect of the permits would interfere with state regulation of other aspects of the permits. *See* IC 7.1–3–9.5–1 (supplemental caterers must hold Three-way Permit); IC 7.1–3–9–9 (Three-way applicant must have or apply for Liquor Retailers Permit). Given that the City's ordinance attempts to impose local permit requirements upon holders of state-issued alcohol permits, the ordinance is invalid.

### III. SEVERABILITY

When one section of a city ordinance is invalidated, the remaining sections remain valid if they can be separated from the improper section. *Hobble v. Basham,* 575 N.E.2d 693, 699 (Ind.Ct.App.1991). Here, our holding invalidates ORDINANCES § 117.02 to the extent it requires holders of state-issued permits to obtain local Transient Merchant/Alcohol Permits. We make no decision as to the remainder of the ordinance.

Affirmed.

FRIEDLANDER and MATTINGLY, JJ., concur.